Per Curiam.

The petitioner urges that he was deprived of his constitutional rights on the ground that the officer who filed the complaint and the Municipal Court charged him with murder in the first degree when neither had the right or power to do so.
Neither the complaint of the arresting officer nor the Municipal Court sets the degree or actually determines the charge on which an accused is prosecuted. This is solely the function of the grand jury which after hearing evidence determines the crime with which an accused is to be charged and on which he is to be tried.
An accused, under Section 2937.02, Revised Code, is, after he is arrested, entitled to be informed of the charge made against him, and the court under such section examines the merits of the charge to determine only whether grounds exist to bind the accused over to the grand jury. This is the purpose of the complaint and preliminary hearing. 22 Corpus Juris Secundum, 870, Section 337.
The validity of an accused’s conviction is dependent on the jurisdiction of the trial court. The jurisdiction of the court is invoiced by the return of a valid indictment and is not based on the process by which an accused is taken into custody or the findings made on the preliminary examination. Any defect or irregularity in either the arrest or preliminary examination does not affect the validity of the accused’s conviction. Brown v. Maxwell, Warden, 174 Ohio St., 29; Norton v. Green, Supt., 173 Ohio St., 531; and Doughty v. Sacks, Warden, 173 Ohio St., 407. Here, the trial court had jurisdiction over the crime and *291 of the person of the petitioner by the return of the indictment against him. There is no validity to petitioner’s argument in this respect.
The second ground petitioner urges as entitling him to release is that the court, by setting aside and vacating his original sentence after overruling his motion for a new trial, lost its jurisdiction over him, and that the resentencing by the court after overruling the motion for a new trial was void.
The filing of a motion for a new trial in a criminal case does not, as a matter of law, operate to suspend the final judgment or sentence during the period the motion is pending. 16 Ohio Jurisprudence (2d), 59, Criminal Law, Section 689. Thus, it was not necessary for the trial court to vacate the original sentence and resentence petitioner after overruling the motion. However, inasmuch as the court had jurisdiction over its sentence, such vacation and resentencing were not erroneous. 16 Ohio Jurisprudence (2d), 103, Criminal Law, Section 729.
The petitioner has shown no deprivation of any constitutional right nor has he shown any lack of jurisdiction of the trial court.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.